UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY WAYNE SUTTON )<br>)<br>*Petitioner*, )<br>v. )<br>)<br>RICKY BELL, WARDEN, )<br>)<br>*Respondent*. ) | No. 3:06-cv-388<br>(VARLAN/SHIRLEY)<br>DEATH PENALTY |

## **MEMORANDUM & ORDER**

Gary Wayne Sutton ("Petitioner") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. By Order dated December 26, 2007, the Court granted Petitioner's request to subpoena records from the Tennessee Bureau of Investigations ("TBI") and the Office of General Counsel for the Department of Health concerning Dr. Harlan and the State's information involving his job-related and professional misconduct for an *in camera* inspection. These items consisted of a file copy of TBI Case Number 5A-760-NA regarding the investigation of the death of "Baby Murphy" and documents from the files of the Tennessee Department of Health's Office of General Counsel referencing Dr. Charles Harlan.

Pursuant to the Court's order of December 26, 2007 (Court File No. 41), the undersigned conducted an *in camera* inspection of the TBI records and the records from the Office of General Counsel for the State of Tennessee Department of Health. Having completed the *in camera* review, the undersigned concludes that the below-referenced documents pertaining to Dr. Harlan are relevant and discoverable. At the evidentiary hearing in this matter the District Judge may conclude that the probative value of the documents or information contained therein is outweighed by other considerations. However, the documents are relevant to Petitioner's claims for purposes of

1

discovery, and the parties have not asserted these documents are protected or privileged.

The State has provided no privilege log for these documents. Although it is the State's burden to prove these relevant documents are privileged, the State has failed to prove, or even specifically allege, any privilege involving these documents. Nevertheless, the undersigned has examined these documents, and they do not appear to be protected by any privilege. Although the Court does not find the relevant documents to be privileged, it is **ORDERED** that these documents are not to be used for any purpose other than for this litigation. Dissemination to persons who are not directly involved with counsel in this case is inappropriate. That being said, the Court now turns to the filed documents to identify the specific ones to be produced to Petitioner's counsel.

The TBI records submitted to the Court include the records pertaining to the investigation of "Baby Murphy" but do not include records from the death of Yvette Blackmum, as the TBI asserts it did not investigate the death of Ms. Blackmum. The records reflect that there was some type of investigation of Dr. Harlan. The Court observes, however, that even though there is a letter (CID-73) encouraging the TBI to follow-up on a complaint, there are no documents reflecting that such a follow-up occurred. The Court concludes the following records pertaining to Dr. Harlan are relevant to Petitioner's claims in this litigation and, thus are discoverable:

1. TBI Report from SA Roy L. Copeland to TBI File 5A-760-NA (CID-22-CID-23);
2. TBI Report from SA Rol L. Copeland to TBI File 5A-760-NA (CID-24-CID-26);
3. TBI Report from SA Roy L. Copeland to TBI File 5A-760-NA (CID-27-CID-29);
4. TBI Report from SA Roy L. Copeland to TBI File 5A-760-NA (CID-34); and
5. Letter dated July 7, 1995, from District Attorney General Tom P. Thompson, Jr. to Mr. Roy Copeland (CID-73-CID-4).

The records from the Office of General Counsel for the Department of Health include records pertaining to an investigation of Dr. Harlan. The Court concludes the following records pertaining to Dr. Harlan are relevant to Petitioner's claims in this litigation, and thus are discoverable:

1. Letter from Dr. Blake dated February 26, 1992;

2. Letter from Terrance E. McNabb dated April 24, 1992;

3. Letter from James A. H. Bell dated May 16, 1995, with Dr. Harlan's curriculum vitae but without the transcript of Dr. Harlan's testimony in a case in Cumberland County, Tennessee that the letter states is enclosed;

4. Letter from James A.H. Bell dated May 16, 1995, to Ms. Laurie Doty with attached curriculum vitae and note from Dale Potter;

5. June 29, 1995, memorandum from Dr. Fredia S. Wadley to County Medical Examiners, Pathologists and Others;

6. June 20, 1995, letter from Dr. Fredia S. Wadley to Dr. Harlan notifying him his contract would not be continued;

7. June 30, 1995, memorandum from Dr. Fredia S. Wadley to County Executives and County Medical Examiners; and

8. September 29, 1995 letter from Dr. George R. Nichols, II, to TBI SA Sgt. Jeff Puckett.

Accordingly, the Court finds that the above referenced documents are relevant and discoverable and the TBI and the Office of General Counsel of the Department of Health are **ORDERED** to produce the aforementioned documents to counsel for Petitioner **within ten days from the date of this order**. It is further **ORDERED** that the Clerk **SHALL** FAX a copy of this order to all counsel of record and Jeanne Broadwell, General Counsel to the TBI, at FAX number

(615)744-4500 and L. Erin Begley, Assistant General Counsel to the Office of General Counsel for the Department of Health at FAX number (615) 532-3386 or (615) 531-7749.

The Clerk **SHALL** place all the subpoenaed documents received by the Court **UNDER SEAL** in the event they become relevant on appeal.

SO ORDERED.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge