UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY WAYNE SUTTON | ) |
| | ) |
|    *Petitioner,* | ) |
| v. | )    No. 3:06-cv-388 |
| | )    (*VARLAN/SHIRLEY*) |
| RICKY BELL, WARDEN, | ) |
| | ) |
|    *Respondent.* | ) |

## AMENDED SCHEDULING ORDER

The Court previously entered a scheduling order in this case on December 14, 2006 (Doc. 4) and an amendment to the scheduling order on July 17, 2007 (Doc. 28). Upon motions of the parties requesting to change scheduling deadlines (Docs. 63 and 73), the Undersigned Magistrate Judge conducted a telephonic conference on Thursday, September 25, 2008, to resolve three motions and modify the scheduling order. Susanne Bales,[1] counsel for Petitioner, Gary Wayne Sutton, and Jennifer Smith, counsel for Respondent, Ricky Bell, participated in the telephonic conference. The initial scheduling order (Doc. 4) and amendment to the initial scheduling order (Doc. 28) are **AMENDED** as follows:

    1.     *Dispositive Motions*:

        (a)     Respondent's answer is deemed a dispositive motion.[2] Respondent shall file his amended answer/dispositive motion on or before **Friday, October 3, 2008.**

        (b)     Petitioner shall file his response on or before **Tuesday, November 18, 2008**.

---

    [1]     Steve Ferrell was also in attendance with Attorney Susanne Bales.

    [2]     During the telephonic conference the Undersigned Magistrate Judge deemed the Respondent's answer a dispositive motion because a large component of the Answer was seemingly designed to function as a motion for summary judgment or motion to dismiss (Doc. 30).

1

(c) Respondent shall file his reply to the response on or before **Tuesday, December 23, 2008.**

Motions for summary judgment and responses shall include specific reference, including page numbers, to the transcript and/or record, and specific case cites. If Respondent asserts procedural default, Petitioner **SHALL** address each claim of procedural default. If Petitioner denies he defaulted on a claim, he shall cite the specific case where he raised the claim and cite the specific claim raised in the state court. If Petitioner admits the default but alleges cause and prejudice, he shall specifically address his cause and prejudice for each claim and cite specific cases supporting his cause and prejudice argument.

When Petitioner claims the State Court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, then Petitioner shall include specific case cites to support his claim. When Petitioner claims the State Court's adjudication of the claim was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, Petitioner shall cite to the specific facts and reference the specific pages of the transcript and/or record.

2. *__Disclosure and Discovery__*:

(a) *__Expert Testimony and Witness Testimony__*: Petitioner shall disclose to Respondent any and all witnesses, including expert witnesses, and the anticipated testimony of and any information about the witness on or before **Monday, March 16, 2009**. Respondent shall disclose to Petitioner any and all witnesses, including expert witnesses, and the anticipated testimony of and any information about the witness on or before **Monday, March 30, 2009**.

2

(b) *__Expansion of Record__*: Any motions for expansion of the record under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts shall be filed on or before **Friday, October 10, 2008**.

3. *__Other Scheduling Matters__*:

(a) *__Pre-Evidentiary Hearing Order__*: The parties shall prepare and submit a final pre-evidentiary hearing order to the Court on or before **Monday, April 20, 2009**. In this order, the parties shall set forth (1) all contested issues of fact; (2) all contested issues of law; (3) a list of all witnesses to be called; and (4) a list of all exhibits to be offered in evidence.

(b) *__Proposed Findings of Fact and Conclusions of Law__*: The parties shall submit to the Court proposed findings of fact and conclusions of law, which shall be supported by citations of authority in accordance with Local Rule 52.1, no later than **Monday, April 27, 2009**. Proposed findings of fact shall contain a jurisdictional statement, identity of the parties, and set out the facts in chronological order the particular party intends to prove at the evidentiary hearing. Conclusions of law should be concise with appropriate citations of authority pursuant to Local Rule 7.4. Conclusions of law should not argumentative.

4. *__Final Pre-Evidentiary Hearing Conference__*: A final pre-evidentiary hearing conference shall be held in Knoxville on **Tuesday, April 28, 2009**, at **10:30 a.m.**

5. *__Evidentiary Hearing__*: If an evidentiary hearing is necessary, it shall be held in Knoxville beginning on **Tuesday, May 12, 2009**. The parties shall be prepared to commence the evidentiary hearing at **9:30 a.m.** on the date which has been assigned.

**ENTER:**

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3

Case 3:06-cv-00388   Document 77   Filed 09/30/08   Page 3 of 3   PageID #: 445