UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY WAYNE SUTTON, )<br>   *Petitioner*, )<br>v. )<br>   )<br>RICKY BELL, WARDEN, )<br>   )<br>   *Respondent*. ) | No. 3:06-cv-388<br>(*VARLAN/SHIRLEY*)<br><br>DEATH PENALTY |

# **O R D E R**

This is a condemned state prisoner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's unopposed motion to expand the record which includes a three-volume appendix of attachments (Doc. 81, Attachments 1-26). Petitioner generally contends that these documents are relevant to the following claims: (1) the confidence in the outcome of the guilt phase is undermined by the State's concealment of exculpatory evidence/*Brady* claim; (2) the State presented false evidence and argument; and (3) trial counsel rendered ineffective assistance of counsel.

Petitioner has filed a motion to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases. Rule 7 permits federal habeas corpus courts to direct the parties to supplement the state court record with materials relevant to the court's resolution of the petition. Thus, under the language of that rule, expansion has only a relevancy limitation. That is, the materials need only be relevant to the determination of the merits of the constitutional claims in order to be added. *Loza v. Mitchell*, 2002 WL 31409881, *1 (S.D.Ohio, July 17, 2002). That said, expansion of the record is not mandatory and is left to the discretion of the judge. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988).

1

As a preliminary matter, some of the attachments Petitioner has submitted include the following documents, or portions of them, which are already a part of the record and attached to the amended habeas petition: (1) Dr. Crown's preliminary, initial opinion and CV (Attachment 19); (2) sworn testimony of Bill Cogdill and Joyce Tipton from Petitioner's Sevier County murder trial (Attachments 20 & 21); (3) the Board of Medical Examiners order detailing Dr. Harlan's pattern of unprofessional conduct (Attachment 14); and (4) the CV's and opinions of three experts who conclude Dr. Harlan's opinion is incorrect (Attachments 16-18). Although Petitioner does not specifically explain the relevance of these documents, the Court concludes they are arguably relevant. Because it does not appear that all of these attachments are exact replicas of the documents attached to Petitioner's amended habeas petition—for example, Dr. Kessler's curriculum vitae is somewhat different than the one attached to the amended habeas petition—and out of an abundance of caution, the Court will permit Petitioner to expand the record with these attachments.

As to the remaining attachments, although Petitioner has failed to explain their specific relevance, the Court can conceive of why some of this material may be helpful to the District Court in resolving the Respondent's dispositive motion. For instance, the documents could be used to show that, contrary to Respondent's argument, some of Petitioner's claims were exhausted, or if the materials are not so used, perhaps they could be employed to show cause for failing to exhaust and to excuse the resulting procedural default. If they cannot be used for either exhaustion or procedural default purposes, they might help to satisfy the elements of the claim. Since the documents may be relevant for one of these purposes, they might be helpful to the District Court in resolving the Respondent's dispositive motion.

2

Case 3:06-cv-00388   Document 82   Filed 11/12/08   Page 2 of 3   PageID #: 2128

Accordingly, the Court will grant the motion to expand the record with one caveat—whether any of these documents will be considered in resolving the dispositive motion is a decision for the District Court. Accordingly, while the Court renders no opinion as to what weight they deserve, if any, Petitioner's unopposed motion to expand the record is **GRANTED** (Doc. 81).

Finally, it must be noted that the District Court may find that, for some reason, this evidence should be disregarded in ruling on Respondent's dispositive motion. However, if that happens and if any party chooses to appeal the District Court's ruling, the Court of Appeals will have the benefit of a full record of these materials.

SO ORDERED.

E N T E R :

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge