UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GARY WAYNE SUTTON,                )
                                  )
            Petitioner,           )
                                  )
v.                                )
                                  )    No.: 3:06-CV-00388-TAV-CCS
ZAC POUNDS, Warden of Riverbend   )
Maximum Security Institution,     )
                                  )
            Respondent.           )


## MEMORANDUM OPINION AND ORDER

This closed case is before the Court on Petitioner's Motion for Leave to File

Document *Ex Parte* and Under Seal [Doc. 170]. On December 15, 2023, Petitioner's

attorneys, Federal Defender Services of Eastern Tennessee ("FDSET"), notified the Court

that it, at that time, represented Petitioner in state court on his Petition to Determine

Ineligibility to be Executed under Tennessee Code Annotated § 39-13-203 [Doc. 169, p.

1].[1]  *See id*. § 39-13-203(b), (g).[2]  FDSET also informed the Court, however, that on

---

[1] Since filing its Motion for Leave to File Document *Ex Parte* and Under Seal, [Doc. 170], FDSET has notified the Court that it no longer represents Petitioner on his Petition in state court, [Doc. 172]. According to FDSET, the Office of the Post-Conviction Defender now represents Petitioner. [Doc. 172, p. 2 n.1].

[2] Tennessee Code Annotated § 39-13-203 is known among the state courts as Tennessee's "intellectual disability statute." *Pruitt v. State*, No. W2019-00973-CCA-R3-PD, 2022 WL 1439977, at *64 (Tenn. Crim. App. May 6, 2022). Subsection (b) of this statute provides, in relevant part, that "no defendant with intellectual disability at the time of committing first degree murder shall be sentenced to death." Tenn. Code Ann. § 39-13-203(b). In 2021, the Tennessee General Assembly amended this statute to allow capital inmates, under subsection (g), to file a "petition" with the trial court for a determination of whether he or she is intellectually disabled. *Id*. § 39-13-203(g)(1). The amendment, however, only applies to a capital inmate's intellectual-disability claim that had not already "been previously adjudicated on the merits." *Id*. § 39-13-203(g)(2); *see Black v. State*, No. M2022-00423-CCA-R3-PD, 2023 WL 3843397, at

December 6, 2023, Petitioner filed, in state court, a *pro se* motion to remove FDSET as counsel [Doc. 169, p. 1; *see* Doc. 169-1 (Petitioner's *pro se* motion)]. FDSET indicates that it filed a response to Petitioner's *pro se* motion, and it is sealed in state court [Doc. 170, p. 1]. According to FDSET, its appearance in state court "is derivative of" its "appointment to represent Mr. Sutton [Petitioner] in [t]his capital habeas case" [*Id.* at 2]. Accordingly, FDSET now moves *this* Court to allow it to file its response to Petitioner's *pro se* motion *ex parte* and under seal "for the protection of confidential attorney-client communications" [Doc. 170, p. 1; Doc. 171 (proposed sealed document)].[3]

"[C]ourts have long recognized . . . a strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). A party who moves to seal court documents bears a heavy burden of

---

*3–4, *9 (Tenn. Crim. App. June 6, 2023) (discussing amendment and interpreting subsection (g)(2) as a procedural bar to filing a "motion" or "petition" under subsection (g)(1)). Pursuant to this amendment, FDSET, on Petitioner's behalf, filed a petition in state court on May 10, 2022 [Doc. 169, p. 1]. According to FDSET, the state court found that Petitioner "stated a colorable claim that he was intellectually disabled, and the petition remains pending" [*Id.*].

[3] Fourteen days have passed since FDSET filed its motion [Doc. 170], and Respondent has not filed opposition. *See* E.D. Tenn. L.R. 7.1(a) (stating that any answering brief must be filed "no later than 14 days after service of the opening brief"). Ordinarily, a party's lack of opposition is "deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. The Court, however, is mindful that any waiver of opposition is not a sufficient basis justifying nondisclosure of judicial records. *See Reed v. Kiran Transp., LLC*, No. 1:22-CV-00183, 2023 WL 5186851, at *2 (E.D. Tenn. Aug. 11, 2023) ("An unopposed motion to file under seal is an insufficient basis to justify sealing court records in a civil case; a court has an independent obligation to determine whether the interests in favor of sealing outweigh the public's right of access to court records." (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016))).

rebutting this presumption by showing that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id*. (internal quotation marks and citation omitted). And even when a party can show compelling reasons to seal a document, the seal itself must be narrowly tailored to serve those reasons. *Id*. "The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305–06 (internal quotation marks and citation omitted). In a similar fashion, a district court "must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id*. at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

As already stated, FDSET asserts that a seal "is necessary for the protection of confidential attorney-client communications" [Doc. 170, p. 1]. The Sixth Circuit has identified the attorney-client privilege as a "recognized privilege" that "is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (internal quotation marks and citations omitted). This Court has also sealed court records when a party claimed they contained privileged information. *See, e.g.*, *Munson Hardisty v. Legacy Pointe Apartments*, No. 3:15-CV-547, 2017 WL 2350174, at *2 (E.D. Tenn. May 30, 2017) (granting renewed motion to seal when the proponent of sealing "invok[ed] . . . attorney-client privilege"). The Court, however, has independently reviewed FDSET's proposed sealed document [Doc. 171], and although FDSET asserts it contains "confidential attorney-client communications," [Doc. 170, p. 1], FDSET does not divulge any attorney-client communications that may be protected under this privilege. *See Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005) ("The attorney-client privilege protects from

3

disclosure confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client." (internal quotation marks and citations omitted)). FDSET, rather, merely discusses its representation of Petitioner in a cursory way [*See* Doc. 171-1]. *Cf. Abington Emerson Cap., LLC v. Landash Corp.*, No. 2:17-cv-143, 2020 WL 5035452, at *3 (M.D. Tenn. Aug. 26, 2020) (granting permanent seal when "documents at issue reveal[ed] *substantive* communications . . . about trial strategy") (emphasis added) (citation omitted).

In addition, in reviewing FDSET's motion, it fails to satisfy the high standards for sealing court records in this circuit. First, FDSET neither cites the standards for sealing, in accordance with Sixth-Circuit jurisprudence or this Court's local rules, nor does FDSET cite any caselaw in support of its motion for leave to seal [*See* Doc. 170]. *See Shane Grp.*, 825 F.3d at 305–06 ("The proponent of sealing must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." (internal quotation marks and citation omitted)). Second, FDSET's conclusory statement that a seal "is necessary for the protection of confidential attorney-client communications" is inadequate to justify a seal [Doc. 170, p. 1]. *See Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC*, No. 3:15-cv-547, 2016 WL 11787229, at *5 (E.D. Tenn. Dec. 8, 2016) (finding basis for seal insufficient when party merely "assert[ed] in a conclusory fashion that all the documents contain privileged attorney-client communications"); *see also Watts v. United States*, No. 20-147, 2021 WL 3272199, at *3 (E.D. Ky. July 29, 2021) (finding "a one-sentence justification for sealing" party's motion "'brief, perfunctory, and patently inadequate[]'") (quoting *Shane Grp.*, 825 F.3d at 306); *Yoe v. Crescent Sock Co.*, No. 1:15-

4

cv-3, 2017 WL 11479916, at *2 (E.D. Tenn. Mar. 24, 2017) (noting that the proponent of sealing "'cannot rely on mere conclusory statements'") (citations omitted).

For the foregoing reasons, Petitioner's Motion for Leave to File Document *Ex Parte* and Under Seal [Doc. 170] is **DENIED WITHOUT PREJUDICE**, and Petitioner's proposed sealed document [Doc. 171] is **STRICKEN** from the record. *See Bell v. Sam's East, Inc.*, No. 1:16-cv-315, 2018 WL 8512583, at *3 (E.D. Tenn. Jan. 12, 2018) (ordering that the party's proposed sealed documents be stricken from the record, upon denial of party's motion for leave to seal); *see also* E.D. Tenn. ECF R. 12.2 ("If the motion is denied, the clerk's office will delete the document and modify the docket entry to note the document was deleted upon the denial of the motion to seal.").

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE